# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RESHAWN M. LUNSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-00082 |
| ) | Judge Aleta A. Trauger |
| CITY OF GOODLETTSVILLE et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM

Plaintiff Reshawn M. Lunsford, proceeding *pro se*, brings this civil Complaint against the City of Goodlettsville, the Goodlettsville Police Department, and two Goodlettsville police officers, Forbes and Wright. The plaintiff asserts claims for violations of his federal civil rights.[1] Because the plaintiff proceeds *in forma pauperis*, the Complaint is before the court for an initial review.

**I.  Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

---

[1] The court notes that this case appears to be related to *Lunsford v. Davidson County Sheriff Office*, No. 3:19-cv-0079 (M.D. Tenn.), assigned to the Honorable Eli Richardson.

"governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II. Factual Allegations

Lunsford alleges that, on September 28, 2018, his ex-girlfriend called the Goodlettsville Police Department to the Rodeway Inn in Goodlettsville, Tennessee, because the plaintiff and the ex-girlfriend "had a disagreement." (Doc. No. 1, at 6.). The plaintiff states that he left the scene to go to the Goodlettsville Police Department, of his own volition, and then returned to the Rodeway Inn. Upon his return, he encountered Officer Forbes.

Officer Forbes questioned the plaintiff about what was going on and requested his identification. The plaintiff provided identification and told Forbes his side of the story. A few minutes later, Officer Wright arrived. Wright went into the hotel room to speak with the plaintiff's

ex-girlfriend. Another officer arrived and also asked what was going on. The plaintiff told her he had already told his story to Officer Forbes.

Officer Wright, after speaking with the ex-girlfriend, told the plaintiff to get out of his car and put his hands behind his back. The plaintiff responded that he would get out of his car and put his hands on top of the car. He also asked why he was being arrested. The plaintiff claims that, as he exited his car, he was suddenly surrounded by five police officers. Although he was not resisting arrest and was unarmed, Officer Forbes tased him eight times without giving him advance warning, leaving sixteen burn marks on his back and neck. Another officer hit the plaintiff on the head, slamming him to the ground. After that, the plaintiff was thrown into the back of a police car. In addition to the taser burns, the plaintiff claims that his lip was busted, his wrists were cut from the handcuffs being too tight, and he received a black eye.[2] He demanded medical attention and was taken to Nashville General Hospital. He was never informed of why he was being arrested until he was being booked at the jail.

Based on these allegations, the plaintiff claims that he was subjected to the use of excessive force in violation of his rights under the Fourth Amendment. He seeks damages arising from his injuries in the amount of $1,750,000.

## III. Discussion

The plaintiff brings claims under 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore*

---

[2] The plaintiff also claims to have received a black eye in *Lunsford v. Davidson County Sheriff Office*, No. 3:19-cv-0079 (M.D. Tenn.), but based on a different incident that occurred the same night while he was being booked into the Davidson County jail. It is not clear whether he received two black eyes or whether he is not sure which event caused his black eye.

3

*Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

Officers Forbes and Wright, as police officers with the Goodlettsville Police Department, are state actors for purposes of § 1983. *See, e.g.*, *Cochran v. Gilliam*, 656 F.3d 300, 305 (6th Cir. 2011) (recognizing that sheriff's deputies are state actors). The question is whether the allegations in the Complaint suggest that they were involved in depriving the plaintiff of a right secured by federal law or the United States Constitution.

Forbes is alleged to have unnecessarily tased the plaintiff eight times in the course of arresting him, causing severe pain and injury, even though the plaintiff was not armed and was not resisting arrest. These allegations, if proved to be true, would be sufficient to establish Forbes' liability under § 1983.

The plaintiff does not allege that Officer Wright took any particular action against him that constituted excessive force. The Complaint does not state a colorable claim against Wright.

The plaintiff alleges that "some police" hit him on the head and slammed him to the ground, but he does not identify who. The plaintiff does not attribute the act either to Wright or Forbes. Unless the plaintiff is able to plausibly identify who engaged in this conduct, he cannot bring suit based on it.

The plaintiff also sues the Goodlettsville Police Department and the City of Goodlettsville. The Goodlettsville Police Department is a division of the City of Goodlettsville but is not, itself, a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department on the basis that it was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity

subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983). On this basis alone, the claims against the Goodlettsville Police Department will be dismissed.

The City of Goodlettsville, as a municipality, is considered a "state actor" subject to suit under 42 U.S.C. § 1983. However, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). In this case, the plaintiff has not attempted to identify a policy or show how he was injured as the result of the execution of any such policy. He fails to state a claim against the City of Goodlettsville based on Forbes' actions.

**IV.  Conclusion**

The claims against the Goodlettsville Police Department, the City of Goodlettsville, and Officer Wright will be dismissed for failure to state a claim for which relief may be granted. The claim against Officer Forbes will be permitted to proceed. An appropriate order is filed herewith.

ENTER this 30th day of January 2019.

_____
ALETA A. TRAUGER
United States District Judge