UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RESHAWN M. LUNSFORD,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE FORBES,<br><br>    Defendant. | Case No. 3:19-cv-00082<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Plaintiff Reshawn M. Lunsford alleges that he was tased eight times during an altercation with Defendant Officer Forbes and four other Goodlettsville Police Officers at a Rodeway Inn in Goodlettsville, Tennessee. Lunsford ultimately pleaded guilty to resisting arrest after serving thirteen days in jail. In this § 1983 action, Lunsford claims that Forbes used excessive force on him during the altercation in violation of Lunsford's Fourth Amendment rights. Forbes filed a motion to dismiss (Doc. No. 9), arguing that Lunsford's claim is barred by the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994). Because an exception to the *Heck* doctrine applies in this case, the Magistrate Judge will recommend that Forbes's motion to dismiss be denied.

**I.     Background**

    **A.     Lunsford's Allegations**[1]

On September 18, 2018, Lunsford's ex-girlfriend called officers from the Goodlettsville Police Department to the Rodeway Inn because of a disagreement between her and Lunsford. (Doc. No. 1.) When Goodlettsville police officers arrived at the hotel, Officer Forbes asked Lunsford "what was going on" and also asked Lunsford for his ID, which Lunsford provided. (*Id.* at PageID# 6.) Approximately five minutes later, Officer Wright arrived at the hotel and, soon thereafter, an unidentified third female police officer arrived. (*Id.*) As Lunsford was speaking to the third officer, Wright opened Lunsford's car door and told him to "get out and put [his] hands behind [his] back." (*Id.* at PageID# 7.) Lunsford said that he would comply but wanted to know why he was being arrested. (*Id.*) Five police officers then surrounded Lunsford and took hold of his arms. (*Id.*) Lunsford told the officers that his shoulder was injured and worried that the officers were going to be rough with him. (*Id.*) After the officers repeatedly ordered Lunsford to put his hands behind his back, Forbes pulled out his Taser and threatened to use it. (*Id.*) In "the heat of the moment," Lunsford announced that he was "protected by God" and challenged Forbes to "go [a]head" and tase him. (*Id.*) Forbes did so, eight times, with each shock lasting approximately five seconds. (*Id.*) The last taser blast was aimed at Lunsford's face, but Lunsford shifted his body and absorbed the shock "high up on the left side of [his] chest and the V of [his] neck," which he states is a "no-tase zone." (*Id.* at PageID# 8.) Throughout the tasing, Lunsford asked the officers why he was being arrested. (*Id.*) The altercation ended when an unidentified police officer hit Lunsford over the head, slammed him to the ground, and threw him into the back of a police car. (*Id.*)

---

[1]    These allegations are taken from Lunsford's complaint and are considered to be true for the purposes of ruling on the motion to dismiss.

Lunsford immediately demanded medical attention, and Forbes accompanied Lunsford to Nashville General Hospital in an ambulance. (*Id.*) When Lunsford arrived at the emergency room, he told the doctor that he had been tased eight times, contradicting Forbes's claim that Forbes had used his taser only three times. (*Id.*) Lunsford states that the arrest left him with a black eye, a busted lip, cuts from handcuffs that were too tight, and sixteen Taser burn marks. (*Id.*)

### B. Procedural History

Lunsford filed this action on January 16, 2019, against the City of Goodlettsville, the Goodlettsville Police Department, Forbes, and Wright, alleging that Forbes and Wright used excessive force in his arrest in violation of the Fourth Amendment. (*Id.*) Lunsford brings his claim under 42 U.S.C. § 1983 and seeks $1,750,000.00 in damages. (*Id.*)

The Court granted Lunsford's application to proceed *in forma pauperis* (Doc. No. 2) and screened Lunsford's complaint under 28 U.S.C. § 1915(e)(2). The Court found that Lunsford had failed to state a claim upon which relief could be granted against Wright, the City of Goodlettsville, and the Goodlettsville Police Department and dismissed those claims. (Doc. No. 5.) The Court found that the complaint stated a colorable claim under 42 U.S.C. § 1983 against Forbes for the use of excessive force and permitted that claim to proceed. (*Id.*)

On February 20, 2019, Forbes filed a motion to dismiss (Doc. No. 9) and attached to the motion as supporting documentation guilty pleas for resisting arrest and assault, both entered by Lunsford on October 1, 2018 (Doc. No. 9-1). The guilty plea for resisting arrest arose from the same altercation that gave rise to the excessive force claim.[2] Forbes argues that, under Tennessee

---

[2] Lunsford pleaded guilty in General Sessions Court on October 1, 2018, to assault and resisting arrest. Lunsford was jailed for 13 days before appearing in court, from which the Court infers that the resisting arrest charge to which Lunsford pleaded guilty arose out of the same September 18, 2018, incident that gave rise to Lunsford's excessive force claim. Lunsford apparently pleaded guilty to assault on the same day. However, Forbes does not address the

3

law, a claim that an officer used excessive force is a defense to the crime of resisting arrest and, therefore, that a ruling in Lunsford's favor on his § 1983 excessive force claim would invalidate his state criminal conviction arising out of the same conflict. Forbes argues that *Heck v. Humphrey* prohibits that outcome. (Doc. No. 9.)

Lunsford filed a letter (Doc. No. 13) on April 3, 2019, which the Court construed as a motion for extension of time to respond to Forbes's motion to dismiss.[3] (Doc. No. 15.) Lunsford responded to Forbes's motion on April 17, 2019, but did not directly address any of Forbes's arguments. (Doc. No. 19.) Instead, Lunsford briefly reiterates the allegations of his complaint and states that no police officer offered him medical attention. (*Id.*) He further states that "[j]ustice needs to [be] served and Office[r] Forbes needs to be held accountable for his actions." (*Id.* at PageID# 63.) On April 18, 2019, Forbes filed a reply, arguing that Lunsford failed to address or dispute the substance of Forbes's motion to dismiss and that Lunsford's claim that Forbes did not offer medical attention is belied by Lunsford's own allegation that Forbes accompanied Lunsford to the hospital after the incident. (Doc. No. 20.)

**II.     Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court views Lunsford's allegations in the light most favorable to him and accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim."

---

relevance of the assault charge or plea in his motion and the Court does not consider it in its analysis.

[3]     On April 9, 2019, Lunsford filed a motion for summary judgment against Forbes in which Lunsford argues that Forbes used excessive force on him, was "under trained by the police department" in how to use the Taser, and did not offer him medical treatment. (Doc. No. 16, at PageID# 63.) Briefing of that motion is stayed pending resolution of the motion to dismiss. (Doc. No. 18.)

4

Fed. R. Civ. P. 8(a)(2). However, that statement must allege sufficient facts to show that the claims are "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). To meet the plausibility standard, Lunsford must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Finally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III.    Analysis**

As a threshold matter, the Court must determine whether Forbes's motion is properly considered as one to dismiss Lunsford's complaint under Rule 12(b)(6) or as a motion for summary judgment under Rule 56. Federal Rule of Civil Procedure 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Forbes appended to his motion to dismiss court records showing that Lunsford pleaded guilty to the charges of resisting arrest and assault. Lunsford's complaint does not address those pleas. (Doc. No. 9-1.) Under Rule 12(d), therefore, the Court could treat Forbes's motion as one for summary judgment.

5

However, the Court may also take judicial notice of other court proceedings in deciding a motion under Rule 12(b)(6) without converting that motion into one for summary judgment. *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008))); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999))); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12 (b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record . . . also may be taken into account." (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997))). Doing so is the more efficient path to follow in this case, and the Court will proceed under Rule 12.

Forbes's argument that Lunsford's action must be dismissed is rooted in the relationship between § 1983 and the federal habeas statute. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Section 1983 permits plaintiffs to bring claims against government officials who "deprived [them] of rights, privileges or immunities secured by the Constitution or laws of the United States" while acting under color of state law. *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). The federal habeas statute allows prisoners in custody pursuant to a state-court conviction to contest the legality of their incarceration in a federal forum after they have exhausted all available state court remedies. 28 U.S.C. § 2254. In *Preiser v. Rodriguez*, the Supreme Court held that state prisoners could not skirt the habeas statute's exhaustion requirements by framing

6

claims that challenge their convictions or sentences as civil rights actions under § 1983.[4] *See Preiser*, 411 U.S. at 500 (holding that habeas corpus is the exclusive remedy for state prisoners who are challenging the fact or duration of their confinement and seeking an expedited or immediate release). *Preiser* addressed claims for injunctive relief raised by state prisoners challenging "the very fact or duration of [their] physical confinement" and seeking immediate or speedier release. *Id.*

Two decades later, *Heck v. Humphrey* expanded *Preiser*'s holding to damages claims by imposing a "favorable-termination requirement" on § 1983 actions. *Heck*, 512 U.S. at 487. That requirement prevents plaintiffs from bringing § 1983 damages claims that "would necessarily imply the invalidity of [a] conviction or sentence…unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*; *see also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ("*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" (quoting *Heck*, 512 U.S. at 487)); *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014) ("In *Heck*, the Supreme Court held that a plaintiff cannot assert a § 1983 claim if success on that claim would 'necessarily imply the invalidity' of an underlying state criminal conviction, unless the plaintiff can 'prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck*, 512

---

[4] An application for a writ of habeas corpus under 28 U.S.C. § 2254(b) can only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Preiser v. Rodriguez*, 411 U.S. at 483) (quoting 28 U.S.C. § 2254(b)). In contrast to the exhaustion of state remedies requirement of the federal habeas corpus statute, 42 U.S.C. § 1983 does not require exhaustion of state remedies.

U.S. at 486–87)). Forbes argues that *Heck* bars Lunsford's § 1983 excessive force claim because Lunsford's claim arose out of the same incident as the resisting arrest charge to which Lunsford pleaded guilty. *See Parvin v. Campbell*, 641 F. App'x 446, 450 (6th Cir. 2016); *Cummings v. City of Akron*, 418 F.3d 676, 682–83 (6th Cir. 2005) (holding that because the same struggle gave rise to both the plaintiff's assault conviction and his excessive force claim, "the two [were] inextricably intertwined" and success on the excessive force claim would invalidate the state assault conviction).

*Heck* is implicated where excessive force claimed under § 1983 is an affirmative defense to the crime underlying the relevant conviction. *See* Tenn. Code Ann. § 39–16–602 (West 2019); *see also Hayward*, 759 F.3d at 609 ("[I]n this Circuit, if a plaintiff asserts a claim that contradicts an element of an underlying criminal offense, or if that claim could have been asserted in criminal court as an affirmative defense, *Heck* applies to bar the § 1983 suit."). "[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x. 427, 430–31 (6th Cir. 2012) (quoting *Roberts v. Anderson*, 213 F. App'x. 420, 427 (6th Cir. 2007)). Heck would therefore ordinarily bar Lunsford's § 1983 action unless Lunsford's conviction for resisting arrest was reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 487.[5]

---

[5] Neither the Supreme Court nor the Sixth Circuit has conclusively established whether *Heck* would bar Lunsford from bringing a § 1983 excessive force claim if he had previously raised an excessive force affirmative defense to his charge of resisting arrest and been found guilty. The Eleventh Circuit has held that "a successful § 1983 suit predicated on facts that would have furnished an affirmative defense to the plaintiff's criminal charges did not '*necessarily* imply the invalidity of her conviction' and, therefore, did not trigger *Heck*." *Johnson v. Niehus*, CV 105-125, 2008 WL 11417673, at *6 (S.D. Ga. Sept. 30, 2008) (quoting *Dyer v. Lee*, 488 F.3d 876, 879 (11th Cir. 2007). Because the Court finds *Heck* does not apply on other grounds, it need not address this issue.

However, the Sixth Circuit holds that, where a plaintiff is precluded as a matter of law from bringing a federal habeas challenge to the conviction, *Heck* does not apply and the plaintiff may bring a § 1983 damages claim notwithstanding an unimpeached state conviction. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 601 (6th Cir. 2007). A plaintiff can only bring a habeas petition while in custody, *Heck*, 512 U.S. at 500, and, as the court recognized in *Powers*, a plaintiff who is subjected only to a brief term of incarceration may not be in custody long enough to petition for habeas relief. *Powers*, 501 F.3d at 600. In those circumstances, a plaintiff would effectively be deprived of the opportunity to bring any claim in a federal forum for the alleged violation of their federal rights if *Heck*'s bar were imposed. *Id.*

The *Powers* exception applies in this case. In *Powers*, the Court found that incarceration for no more than thirty days was too brief a period of time to enable Powers to file a habeas action and allowed his § 1983 damages claim to proceed. *Id.* at 603. Lunsford was detained for no more than twenty days—too brief a period of time to bring a habeas action under *Powers*.[6] *Id.* at 603; *see also Kirk v. Muskingum*, Civil No. 2:09-cv-0583, 2010 WL 3719286, at *3–4 (S.D. Ohio May 24, 2010) (holding that *Powers* applied to guilty plaintiff who was sentenced to sixty days in jail); *Ballinger v. City of Lebanon*, No. 1:07-CV-00256, 2008 WL 4279583 at *4–5 (S.D. Ohio Sept. 18, 2008) (holding that *Powers* applied to plaintiff who was incarcerated for forty-five days).[7]

---

[6] The General Sessions Disposition attached to Forbes's motion to dismiss indicates that Lunsford received a sentence of twenty days in jail for resisting arrest, and he received time-served credit for the thirteen days and one hour he served awaiting trial.

[7] The fact that Lunsford pleaded guilty to resisting arrest in state court does not preclude him from bringing a § 1983 claim under *Powers*. *See Lyvers v. Newkirk*, Civil No. 1:15-CV-96, 2015 WL 6096725, at *5–6 (W.D. Ky. Dec. 7, 2017) (applying *Powers* to defendant's motion to dismiss and allowing plaintiff's § 1983 claim to proceed where plaintiff pleaded guilty to operating a motor vehicle while under the influence of alcohol or drugs, received a thirty-day sentence, and subsequently brought a § 1983 Fourth Amendment claim against a police officer and two sheriff's deputies).

Because "*Heck*'s favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights," *Powers* is controlling instead of *Heck*. *Powers*, 501 F.3d at 603. Lunsford's § 1983 claim against Forbes may proceed.

## IV. Recommendation

For these reasons, the Magistrate Judge therefore RECOMMENDS that Forbes's motion to dismiss (Doc. No. 9) be DENIED.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of July, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge