UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RESHAWN MONTA LUNSFORD, | |
|      Plaintiff, | Case No. 3:19-cv-00082 |
| v. | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| CITY OF GOODLETTSVILLE, et al., | |
|      Defendants. | |

## <u>MEMORANDUM ORDER</u>

This civil rights action stems from pro se and *in forma pauperis* Plaintiff Reshawn Monta Lunsford's arrest on September 18, 2018. (Doc. No. 1.) Lunsford alleges that, during his arrest, Defendant Goodlettsville Police Officer George Forbes shocked him with a Taser eight times, leaving Lunsford with sixteen burn marks on his back and neck. (*Id.*) Lunsford asserts a claim against Forbes under 42 U.S.C. § 1983 for excessive use of force. (*Id.*) Lunsford has moved for summary judgment on that claim (Doc. No. 16) and has filed a motion to amend his complaint to add a claim that, after his arrest, his blood was drawn at Metro General Hospital without his consent and without a warrant in violation of the Fourth Amendment (Doc. No. 22). The Court stayed briefing of Lunsford's motion for summary judgment pending resolution of Lunsford's motion to amend. (Doc. No. 26.) For the reasons that follow, Lunsford's motion to amend is futile and his motion for summary judgment is procedurally improper. Accordingly, Lunsford's motion to amend will be denied and his motion for summary judgment will be administratively terminated without prejudice to refiling in compliance with this Court's Local Rules.

## I.        Factual and Procedural Background

Lunsford filed this action pro se on January 16, 2019. (Doc. No. 1.) According to the allegations of Lunsford's complaint, which are taken as true at this stage of the litigation, Lunsford had an argument with his ex-girlfriend at the Rodeway Inn Hotel in Goodlettsville, Tennessee, and she called the police. (*Id.*) Forbes questioned Lunsford outside the hotel while Defendant Officer Wright separately questioned Lunsford's ex-girlfriend in her hotel room. (*Id.*) Wright exited the room and ordered Lunsford to get out of his car and place his hands behind his back. (*Id.*) Lunsford stated that he would place his hands on top of the car and asked why he was being arrested. (*Id.*) Suddenly, Lunsford was surrounded by five officers, four of whom grabbed him by his arms. (*Id.*) Lunsford told the officers that that he had a shoulder injury and was worried that they were going to be rough with him. (*Id.*) The officers ordered Lunsford to put his hands behind his back. Forbes threatened to tase Lunsford, who responded that Forbes could go ahead and tase him because he was protected by God. (*Id.*) Forbes tased Lunsford eight times. (*Id.*) An officer hit Lunsford over the top of the head, bringing him to the ground. (*Id.*)

After he was handcuffed and placed in a police car, Lunsford demanded medical attention. (*Id.*) Forbes accompanied Lunsford to the hospital in an ambulance. (*Id.*) The altercation left Lunsford with sixteen Taser burn marks on his back and neck, a split lip, a black eye, and cuts on his wrists from the handcuffs. (*Id.*) Lunsford's complaint asserts claims of excessive force against Forbes, Wright, the City of Goodlettsville Police Department, and the City of Goodlettsville under 42 U.S.C. § 1983 and seeks $1,750,000.00 in damages. (*Id.*)

The Court granted Lunsford's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915(e)(2). (Doc. Nos. 4, 5.) The Court dismissed Lunsford's claim against the City of Goodlettsville Police Department, finding that the Department is a division of

the City of Goodlettsville and is not subject to suit under § 1983 as a separate legal entity. (*Id.*) The Court then dismissed Lunsford's claim against the City of Goodlettsville, concluding that Lunsford did not identify any City of Goodlettsville policy that had caused him harm. (*Id.*) The Court also dismissed Lunsford's claim against Wright, finding that Lunsford had not alleged that Officer Wright took any particular action against him that constituted excessive force. (*Id.*) Lunsford's excessive force claim against Forbes was allowed to proceed.[1] (*Id.*)

Lunsford has filed a motion for summary judgment (Doc. No. 16) but has not filed a memorandum of law or a statement of undisputed material facts in support of that motion. Lunsford has also filed a motion to amend his complaint to add a claim asserting that his Fourth Amendment rights were violated at Metro General Hospital after his arrest when his blood was drawn without his consent and without a warrant. (Doc. No. 22.)

On August 6, 2019, the Court entered an order staying briefing of Lunsford's motion for summary judgment until the motion to amend is resolved. (Doc. No. 26.) The Court also found that Lunsford's motion to amend did not comply with this Court's Local Rule 15.01 because it was not accompanied by a proposed signed amended complaint that restates the entirety of the complaint with amendments incorporated. (*Id.* (citing M.D. Tenn. R. 15.01(a)(1) (supporting papers), 15.01(b) (form of amended pleading)).) The Court gave Lunsford until August 20, 2019, to file a motion to amend and a proposed amended complaint that complies with the Local Rules. (*Id.*)

---

[1]     Lunsford's claim against Forbes also survived Forbes's motion to dismiss, in which Forbes argued that, because Lunsford pleaded guilty to resisting arrest in connection with the September 18, 2018 incident, the § 1983 excessive force claim was an improper attack on that conviction that should have been brought as a petition for the writ of habeas corpus. (Doc. Nos. 9, 10, 21, 23.) The Court found that Lunsford was not in custody long enough to petition for habeas relief and was therefore able to pursue his excessive force claim under § 1983. (Doc. Nos. 21, 23.)

On August 14, 2019, Lunsford filed an amended complaint that repeats his excessive force allegations and adds allegations regarding events that took place after his arrest. (Doc. No. 27.) Lunsford alleges that Forbes did not offer him first aid after his arrest and Lunsford had to demand medical attention. (*Id.*) At Metro General Hospital, a nurse told Lunsford that his blood would be drawn whether or not he consented, leaving him "under the impression that [he] had no choice for the blood test." (*Id.* at PageID# 126.) Lunsford states that his amended complaint asserts claims under 42 U.S.C. § 1983 "for being excessively tased, . . . [n]ot being offered first aid by Officer Forbes[,]" and for "drawing [his] blood without a warrant or cause." (*Id.*) The amended complaint names the City of Goodlettsville and Forbes as defendants. (Doc. No. 27.)

Forbes responded in opposition to Lunsford's motion to amend, arguing that Lunsford failed to comply with the Court's August 6, 2019 order and that amendment of the complaint is futile because Lunsford has failed to allege that any delay in receiving medical attention harmed him or that Forbes was responsible in any way for the drawing of Lunsford's blood. (Doc. No. 29.) Lunsford filed a reply conceding that "Forbes may not have ordered the blood draw," but asserting that one of Forbes's superiors did and that the City of Goodlettsville should be held liable as that officer's employer. (Doc. No. 30, PageID# 138.)

## II.      Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained that,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the only question is whether Lunsford's proposed claims based on Forbes's failure to offer first aid and the nonconsensual blood draw at Metro General Hospital are futile or would survive a motion to dismiss under Rule 12(b)(6). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In analyzing a motion under that rule, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Lunsford

proceeds pro se, the Court construes his allegations "liberally" and holds his proposed amended complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Forbes's alleged failure to offer Lunsford first aid implicates the right of pretrial detainees under the Due Process Clause of the Fourteenth Amendment to "adequate medical treatment[.]" *Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005). The Sixth Circuit has long "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'"[2] *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)); *see also Garretson*, 407 F.3d at 795 (explaining that a pretrial detainee's right to adequate medical care is "analogous to the Eighth Amendment rights of prisoners"). Stating an Eighth Amendment claim for deliberate indifference to serious medical needs requires a plaintiff to allege facts sufficient to support the claim's objective and subjective components. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). To satisfy the objective component, Lunsford must allege facts that "establish the existence

---

[2]     The Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which addressed a pretrial detainee's excessive force claim under the Fourteenth Amendment, has caused some courts to ask whether a pretrial detainee alleging an unconstitutional denial of medical care must prove the subjective component of a deliberate indifference claim. *See Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018) (collecting cases); *Waddell v. Lloyd*, No. 16-14078, 2019 WL 1354253, at *4 (E.D. Mich. Mar. 26, 2019) (same). In *Kingsley*, the Court effectively eliminated the subjective component of excessive force claims for pretrial detainees, holding that a pretrial detainee—who retains the presumption of innocence—need only show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. The Sixth Circuit has suggested that *Kingsley* warrants reconsideration of circuit precedent that requires subjective and objective showings by pretrial detainees alleging deliberate indifference to their medical needs. *See Richmond*, 885 F.3d at 938 n.3 (finding that the "shift in Fourteenth Amendment deliberate indifference jurisprudence calls into serious doubt whether [plaintiff] need even show that the individual defendant-officials were subjectively aware of her serious medical conditions and nonetheless wantonly disregarded them"). The Court need not weigh in on that question in this case, however, as Lunsford has failed to plead the objective component of a deliberate indifference claim that would be required even if *Kingsley* were extended to that context.

of a 'sufficiently serious' medical need." *Id.* (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)). The subjective component is satisfied by allegations that the defendant "acted with 'a sufficiently culpable state of mind in denying medical care.'" *Id.* Lunsford has failed to make sufficient allegations in support of the subjective and objective components of his deliberate indifference claim.

Lunsford can meet the objective component of his claim by alleging that his injuries were "'diagnosed by a physician as mandating treatment'" or that they were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention" and medical care was not provided "'within a reasonable time frame.'" *Mattox v. Edelman*, 851 F.3d 583, 598 (6th Cir. 2017) (quoting *Blackmore*, 390 F.3d at 897, 899–900). Lunsford does not allege that his injuries were diagnosed by a physician as mandating treatment. He therefore must allege facts to show that his need for medical care would have been obvious to a lay person and care was not provided in a reasonable timeframe. Lunsford has not met that burden. Lunsford alleges that, before he was taken to the hospital, Forbes did not offer him first aid. But Lunsford does not allege that his need for medical care before arriving at the hospital was obvious or that the medical care he received at the hospital was unreasonably delayed. Thus, even if a lay person would have known that Lunsford needed medical care immediately after being arrested, Lunsford has not alleged that he was deprived of that care for an unreasonable period of time. *See Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1083 (S.D. Ohio 2013) (finding that plaintiff failed to plead that medical care was not provided in a reasonable amount of time where she "d[id] not allege how long she spent in custody" before she was released and taken to a hospital). In the absence of such allegations, Lunsford has failed to plead the objective component of a deliberate indifference claim. *See Mattox*, 851 F.3d at 598.

To establish the subjective prong, Lunsford must make allegations sufficient to show "that [Forbes] subjectively perceived facts from which to infer substantial risk to [Lunsford], that [Forbes] did in fact draw the inference, and that [Forbes] then disregarded that risk.'" *Shoup*, 974 F. Supp. 2d at 1082 (quoting *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001)). Forbes's failure to offer Lunsford first aid at the scene of his arrest, by itself, does not support the inference that Forbes disregarded a substantial risk of harm to Lunsford. This is especially true given that Forbes then accompanied Lunsford as he was taken for treatment at Metro General Hospital. *Cf. id.* at 1083 (concluding that plaintiff had satisfied subjective component by alleging that defendant police officer mocked plaintiff's repeated requests to be taken to the hospital). Lunsford has thus also failed to plead the subjective component of his claim.

Nor has Lunsford stated a claim for violation of his Fourth Amendment rights. Lunsford is correct that "[a] blood draw is a search of the person" under the Fourth Amendment and a warrantless blood draw is thus constitutional only if it is "reasonable." *Mitchell v. Wisconsin*, 139 S. Ct. 2525, 2534 (2019). But, to state a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, Lunsford "must allege, with particularity, facts that demonstrate what *each* defendant did to violate" those rights. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (emphasis in original). Lunsford has not alleged that Forbes ordered the warrantless blood draw or otherwise actively participated in it. Instead, Lunsford concedes that one of Forbes's superiors likely ordered the blood draw and that an unidentified nurse was the one who performed it.[3] Lunsford has therefore failed to state a Fourth Amendment claim against Forbes. *See McRavion*

---

[3]     Lunsford has not named the nurse as a defendant. To the extent that Lunsford intended to assert a Fourth Amendment claim against the nurse, it fails. "[M]edical professionals do not violate the Constitution where they rely on law enforcement officers' Fourth Amendment determinations." *Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 220–21 (5th Cir. 2018) (collecting cases). That is because "[n]urses and other medical personnel have neither the training

*v. Cline*, No. 5:18-cv-53, 2019 WL 3821820, at *4 (W.D.N.C. Aug. 14, 2019) (finding that plaintiff had failed to plead a Fourth Amendment claim against law enforcement officer defendant where plaintiff had not alleged that officer "conducted the search, ordered the search, or even participated in the search").

Lunsford argues that the City of Goodlettsville should be held liable as Forbes's employer, but "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Garretson*, 407 F.3d at 795 (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). As the Court found when it dismissed Lunsford's excessive force claim against the City of Goodlettsville, a city is liable only if "'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id.* "Thus, to state a municipal liability claim, [Lunsford] must adequately allege '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations.'" *Wright v. Fentress Cty.*, 313 F. Supp. 3d 886, 888 (M.D. Tenn. 2018) (second and third alterations in original) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Lunsford's proposed amended complaint does not include allegations

---

nor the information that would be necessary to second-guess police determinations regarding probable cause, exigent circumstances, and the like." *Id.* (quoting *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1180 (10th Cir. 2003)). Lunsford alleges that his "arrest ha[d] a blood test with no warrant" (Doc. No. 27, PageID# 126) and that a City of Goodlettsville officer ordered the blood test (Doc. No. 30). Because Lunsford has not alleged anything that would suggest that it was unreasonable for the nurse to follow that order, he has failed to state a Fourth Amendment claim against the nurse.

to support any of these theories of municipal liability for the warrantless blood draw. He has therefore failed to state a Fourth Amendment claim against the City of Goodlettsville.[4]

Because Lunsford's proposed deliberate indifference and Fourth Amendment claims could not withstand a motion to dismiss, amending the complaint to add them would be futile. Lunsford's motion to amend will be denied.[5]

### III. Motion for Summary Judgment

Under Local Rule 7.01(a)(2), "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities[.]" M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum). Local Rule 56.01 governs motions for summary judgment and provides that any such motion "must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). Local Rule 56.01(b) exists "'to prevent parties from unfairly shifting the burdens of litigation to

---

[4]     Lunsford does allege, in his reply in support of his motion to amend, that an unidentified "superior[ ]" of Forbes ordered the blood draw. (Doc. No. 30, PageID# 139.) That allegation is too vague and conclusory to support the inference that an official with final decision-making authority authorized the blood draw such that the City of Goodlettsville should be held liable. *See Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 904 (S.D. Ohio 2016) (finding that plaintiff had failed to state a § 1983 claim against municipality where plaintiff sought to hold municipality liable for decisions made by a detective division sergeant but failed to allege anywhere that the sergeant "had authority to make final and unreviewable decisions such that [the sergeant] would constitute an official with final decision making authority").

[5]     Although neither Lunsford's motion to amend nor Forbes's opposition to it mentions this, Lunsford's proposed amended complaint concludes with a request that the Court "clear [his] background" of the convictions of resisting arrest and assault on a police officer stemming from Lunsford's arrest on September 18, 2018. (Doc. No. 27, PageID# 126.) "In very limited circumstances, federal courts have expunged criminal records pursuant to their authority under [§ 1983.]" Brian R. Means, *Federal Habeas Manual* § 13:25 (2019). In the absence of any allegations from Lunsford explaining how his convictions—entered after a guilty plea—violated federal law, amendment of the complaint to add a request for expungement of those convictions would be futile.

the court[,]'" *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017) (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)), and to ensure that a party facing a motion for summary judgment has adequate notice of and an opportunity to respond to the movant's claim that certain facts are undisputed. "Each fact must be set forth in a separate, numbered paragraph . . . [and] be supported by specific citation to the record." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). The movant must insert the word "response" after each numbered paragraph and allow the nonmoving party "sufficient space to respond to the assertion that the fact is undisputed." *Id.* "The requirement that a statement of undisputed material facts in the described format must accompany any motion for summary judgment applies to *pro se* parties[,]" although pro se litigants do not have to provide a copy of the statement of undisputed material facts in an editable electronic format. *Id.*; *see also Matthews*, 286 F. Supp. 3d at 915 (finding that "'it is incumbent upon litigants, even those proceeding *pro se*, to follow the . . . rules of procedure,' and this includes 'local and state court rules'" (quoting *Fields v. Cty. of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000))).

Lunsford's motion for summary judgment is not accompanied by a memorandum of law or a statement of undisputed facts and therefore is not properly before the Court. Accordingly, that motion will be administratively terminated without prejudice to refiling in compliance with the Court's Local Rules.

**IV.      Conclusion**

For the foregoing reasons, Lunsford's motion to amend (Doc. No. 22) is DENIED. The Clerk's Office is DIRECTED to ADMINISTRATIVELY TERMINATE Lunsford's motion for summary judgment (Doc. No. 16) without prejudice to refiling in compliance with the Court's Local Rules.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge